PROB 12C
(4/17)

# United States District Court

for

## District of New Jersey

## Second Amended Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Nicholas Kyle Martino      **Docket Number:** 17-00240-001
    **PACTS Number:** 3068213

**Name of Sentencing Judicial Officer:** HONORABLE ROBERT A. JUNELL
    SENIOR UNITED STATES DISTRICT JUDGE
    (WESTERN DISTRICT OF TEXAS)

**Newly Assigned Judicial Officer:**      HONORABLE JEROME B. SIMANDLE
    UNITED STATES DISTRICT JUDGE
    (Jurisdiction Accepted June 20, 2017)

**Date of Original Sentence:** 04/12/2017
**Original Offense:** Interstate Threats to Injure a Person- (Four Counts; in violation of 18 U.S. C. 875(c))
**Original Sentence:** Probation – 5 years on Count(s) One, Two, Three and Four, terms to run concurrently on all counts.

**Special Conditions:** Refrain from use of all intoxicants; firearms prohibition; mental health treatment; employment; search of person property, residence, vehicles, papers; search of computers or other electronics communication; search of cellular phone; abide by terms of plea; computer monitoring; polygraph testing; and restitution.

**Type of Supervision:** Probation      **Date Supervision Commenced:** 04/12/2017

**Assistant U.S. Attorney:** Sara Aliabadi, 401 Market St., 4th Floor, Camden, New Jersey 08101, (856) 757-5026
**Defense Attorney:** Christopher O'Malley, Federal Defenders Office, 800 Cooper Street, Suite 350, Camden, New Jersey 08102, (856) 757-5341

---

### PETITIONING THE COURT

☑   To Add Violation Numbers 12, 13 and 14, and update Violation Numbers 5 and 6.
☐   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The offender has violated the special supervision condition which states **'COMPUTER MONITORING'**<br><br>**You must submit to an initial inspection by the U.S. Probation Office, and to any unannounced examinations during supervision, of your computer equipment. This includes, but is not limited to, personal computers, personal digital assistants, entertainment consoles, cellular telephones, and/or any electronic media device which is owned or accessed by you. You must allow** |

**the installation on your computer of any hardware or software systems which monitor computer use. You must pay the cost of the computer monitoring program. You must abide by the standard conditions of computer monitoring. Any dispute as to the applicability of this condition will be decided by the Court.'**

On April 18, 2017, the undersigned officer met with Martino and instructed that he was not permitted to use any computer or telephone with internet access and that internet access is prohibited. Martino signed a "Waiver" that specifically listed the language utilized by the District of New Jersey regarding computer monitoring. On June 12, 2017, the Honorable Robert A. Junell, Senior U.S. District Court Judge, for the Western District of Texas signed the modification. The undersigned officer repeatedly instructed Martino that he was not permitted to use the internet and, if at some point in the future permission was granted, it would only be from a device that had computer monitoring software installed on it per the court ordered condition.

On October 4, 2017, the undersigned received reports from a law enforcement officer in Wisconsin indicating the offender was suicidal and had made a statement that he had cut himself and he was going to run in traffic and jump in front of a car. The undersigned alerted the Washington Township Police Department in New Jersey and an extensive search commenced at the request of the probation office. Later that day, the offender was located by the Washington Township Police Department. At the time he was taken into custody, Martino was found to be in possession of two cell phones, one equipped with internet access. The U.S. Probation Office was not aware, nor authorized the offender to utilize this device. The number on this phone is 202-329-6940. According to law enforcement and the records they provided, this number, 202-329-6940, is attached to a Google voice account created on October 15, 2016. According to records from Google, this account was logged into on October 3, 2017, through a VPN which shows an IP address 179-43.176.226 which is owned by Private Layer, Inc. which operates a Virtual Private Service. This service allows users to mask their originating IP address using the companies IP address. According to records from the Federal Bureau of Investigation, this IP address was used by Martino approximately one year ago to sign into his Twitter account. Several numbers were utilized from this Google voice account, including 715-396-1718. The telephone number, 715-396-1718, is the number that was recorded when Martino called the Menomonie Police Department in Wisconsin, on October 4, 2017. During this phone call, Martino requested to speak with Police Officer Maloree and S.A. (cyber girlfriend); however, after that request was denied by the dispatcher, Martino stated he was suicidal and would kill other people. This is also the same number recorded when Martino called Gloucester County Communications Center several times on October 4, 2017, requesting to speak to various Washington Township Police Officers.

Furthermore, documentation provided by the Menomonie Police Department in Wisconsin, displays a message from the offender to his cyber girlfriend on September 18, 2017, in which he states "Can you text me on my phone I need to get rid of the laptop before I do something stupid."

| | |
|---|---|
| 2 | The offender has violated the standard supervision condition which states **'The defendant shall follow the instructions of the probation officer related to the conditions of supervision.'** |

On September 27, 2017, the undersigned was alerted by the Menomonie Police Department in Wisconsin, that on September 18, 2017, Martino called his cyber girlfriend, S.A., 121 times that day. Law enforcement advised that S.A. stated that Martino filled up her voicemail box and tried to hack the phone. Martino's attempts have resulted in the phone being unusable for periods of thirty plus minutes because he continues to enter the wrong password. Further, Martino also called law enforcement three times in the past few days stating that S.A. has cut herself and sends police to her house when she stops answering. Law enforcement requested assistance in getting a contact restriction. S.A. has reportedly requested to Martino that he stop calling her to no avail. On September 29, 2017, the undersigned officer, in the presence of both of his parents, questioned Martino about his contact with S.A.. He repeatedly denied calling her. Both the undersigned officer and Marino's parents explained to the offender that this behavior would result in him incurring new criminal charges. Martino was told that all parties were trying to avoid such from occurring. The undersigned officer instructed Martino that he cease all contact with S.A. immediately and that he was not to contact or attempt to contact S.A. by any other means. Martino stated he understood this directive.

On October 2, 2017, the undersigned officer was contacted by the Menomonie Police Department in Wisconsin who reported that on October 1, 2017, Martino hacked into S.A.'s Facebook account. Additionally, he called S.A.'s friend, A.S., via ICloud asking where S.A was located. A.S. refused to provide the information and Martino began messaging and calling several more times. Martino's messages state that he was going to flip out and do "stupid shit" because S.A. was lying to him. At one point, Martino asked A.S. is she wants SWAT at her house. S.A. expressed to law enforcement that she was sick of Martino's harassment, his constant threats to her and his contact with her friends.

On October 4, 2017, the undersigned officer was contacted by the Menomonie Police Department in Wisconsin, and was advised that Martino called S.A. 30 times this date. During the last call, the police officer answered the phone and spoke directly to Martino.

Martino failed to comply with the undersigned officer's instructions not to contact S.A.

| | |
|---|---|
| 3 | The offender has violated the standard supervision condition which states **'The defendant shall answer truthfully the questions asked by the probation officer.'** |

Martino was frequently questioned by the undersigned officer regarding any unauthorized internet access and on each occasion he replied "No." According to documents provided by law enforcement, the offender was utilizing the internet without the knowledge or permission of the U.S. Probation Office.

On October 3, 2017, the undersigned officer questioned Martino if he had any contact with S.A. since September 29, 2017. He replied "No." According to documents provided by law enforcement, the offender contacted S.A. on October 1, 2017.

| | |
|---|---|
| 4 | The offender has violated the mandatory supervision condition which states **'You must not commit another federal, state, or local crime.'** |

On October 4, 2017, Martino utilized google voice phone number 715-396-1718, (which is connected to one of the telephones (202) 329-6940 found in his possession on October 4, 2017), to call the Menomonie Police Department and stated he was suicidal and that he would kill other people. When questioned who he would kill, Martino replied he would not say because then it would be considered a threat.

Although not charged by law enforcement, threatening to kill can be charged as Terroristic Threats, which is a violation of New Jersey Criminal Code 2c:12-3(a)

| | |
|---|---|
| 5 | The offender has violated the mandatory supervision condition which states **'You must not commit another federal, state, or local crime.'** |

On October 6, 2017, Martino was charged with Stalking by the Menomonie Police Department in Wisconsin under case numbers 17-11179 and 17-11289. The complaint outlines conduct occurring on September 18, 2017, in which Martino called S.A. 121 times; on October 1, 2017, when Martino accessed S.A.'s Facebook without permission and contacted S.A.'s friend in an attempt to locate S.A., and on October 4, 2017, when Martino called S.A. approximately 15 to 30 times from private numbers. When contact was made with S.A., Martino often threatened suicide or blamed S.A. for cutting himself or wanting to commit suicide.

This is in violation of Wisconsin Statute 940.32, and is a felony offense.

On November 13, 2017, Martino received a letter from Dunn County District Attorney's Office in Menomonie, Wisconsin, stating that he is to cease stalking behavior against S.A., or he will be charged with same. As such, it appears there are no active charges against Martino in Wisconsin at this time.

| | |
|---|---|
| 6 | The offender has violated the mandatory supervision condition which states **'You must not commit another federal, state, or local crime.'** |

On October 6, 2017, Martino was charged with False Public Alarm by the Washington Township Police Department, Sewell, New Jersey, under summons number 0818-2017-00112. According to the complaint, on October 4, 2017, in Washington Township, Gloucester County, New Jersey, Martino did knowingly transmit, to or within an official organization that deals with emergencies involving danger to life or property, report or warn of an impending emergency knowing that the report or warning was false or baseless and that it was likely to cause public inconvenience or alarm, specifically by calling police dispatch and threatening suicide by cutting his wrists, demanding to speak with specific police officers, and demanding for a police officer to give back his computers (which were seized during a past investigation), while utilizing a google voice phone

Prob 12C – page 5
Nicholas Kyle Martino

number. The offender's actions and false threats elicited a large emergency response from multiple agencies in violation of N.J.S. 2C:33-3A(2), an indictable crime of the third degree.

On May 23, 2018, the charges were dismissed.

7     The offender has violated the special supervision condition which **states 'You are to have no contact with S.A., or any of her family through the internet or any other means, including her school.'**

On June 20, 2018, the undersigned officer was contacted by law enforcement in Menomonie, Wisconsin and advised that there had been two recent incidents involving S.A. Specifically, on June 12, 2018, a male caller contacted a New Jersey suicide hotline to report that S.A. had taken pills and was actively cutting herself in the shower. When law enforcement responded to S.A.'s home, they found these allegations to be unfounded. On June 20, 2018, a New Jersey suicide hotline was contacted via their chat line, and the individual claimed to be S.A. and that they were suicidal and holding a knife to their throat and wanted to die suicide by cop. Additionally the individual disclosed that they were living with their grandparents after an argument with their mother. Law enforcement again responded and found the allegations were unfounded. Police spoke with S.A.'s grandfather who stated that S.A. was staying there after an argument with her mother and that they believed Martino had made the calls noting that since S.A. had been staying there, they have been receiving an excessive amount of calls forcing them to take the phone off the hook. Law enforcement spoke with S.A.'s mother who also suspected Martino has been in communication with S.A. According to law enforcement, the IP address that made the allegations to the suicide hot line came back to Texas and was believed to have been "spoofed."

As a result of the above incidents, on June 29, 2018, a search of Martino's bedroom was conducted in accordance with his court ordered supervision condition. Officers located a letter dated June 12, 2018, written to S.A. in Martino's bedroom. "Dear Starr, I started this letter the first day apart from you. I'm going to be miserable without you. You PROMISED to come back on the 12th…but you're not here. Please hop on Hangouts and give me a call so we can chat. I can assure you that I've changed. Love, You Know who :) P.S. Burn this letter so no handwriting analysis can be performed on it."

Additionally, a note was found in Martino's bedroom trash can stating "DO NOT iMessage!! It's a test! Pass it!"

8     The offender has violated the standard supervision condition which states **'You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).'**

During the search of Martino's bedroom, the probation officers located a large kitchen knife concealed behind his television.

9      The offender has violated the standard supervision condition which states **'The defendant shall answer truthfully the questions asked by your probation officer.'**

Several times on June 20, 2018, and again on July 17, 2018, the undersigned officer questioned Martino about his contact with S.A. Additional questions regarding contact with S.A. were posed to Martino; he refused to answer the undersigned officer's questions. He replied, "talk to my attorney."

10     The offender has violated the standard supervision condition which states **' If the judgement imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant provide the probation officer to access to any financial records."**

On July 17, 2018, the undersigned officer requested the offender sign a release of information to allow the probation officer to run a credit report. He refused to do so.

11     The offender has violated the mandatory supervision condition which states **'You must make restitution in the amount of $5,915.95.'**

The offender has made not made any restitution payments to date.

12     The offender has violated the special supervision condition which states **'You may only access the internet through the computer equipment identified to the U.S. Probation Office for which computer monitoring software has been installed'**

On July 17, 2018, at approximately 1:43 p.m., Washington Township Police responded to an emergency call for service at 106 Hurffville-Grenloch Road, Unit B, regarding a suicidal individual. Gloucester County Communications noted an anonymous caller reported "Nicholas Martino" was making suicidal threats via social media stating he wanted to commit suicide by stepping in front of a moving vehicle. Additional Washington Township Police Officers (6 patrol units in total) arrived. A Washington Township Detective knocked on the door and made contact with Nicholas Martino. Martino was not cooperative. The detective advised Martino he responded to the residence to check on his wellbeing. Martino refused to answer questions. While the officers were present investigating the original call for service, Gloucester County Communications advised the detective that the New Jersey Hope Line (NJHL) had contacted them with separate information regarding this incident. After calling into Gloucester County Communications, the detective was conferenced in with Susan from NJHL. The detective was advised that NJHL had been communicating with a subject since approximately 12:15 hours, and suicidal comments were made in reference to jumping in front of a moving vehicle. NJHL indicated that it appeared the subject was utilizing some sort of online messaging service to communicate with them. NJHL indicated they believed the subject was giving a false name; however, he was providing other descriptive information about himself. NJHL indicated the subject related he was nineteen (19) years old, made reference to being in trouble for violating a federal court order, mentioned that his girlfriend's name was Starr from Wisconsin, and furthermore indicated he was on federal probation. Based on

the detective's personal police experience with Nicholas Martino, he knew all of the above details to be true about Nicholas Martino. The detective also knew Nicholas Martino previously made a similar suicidal comment about walking in front of a moving vehicle. (Specifically on October 4, 2017, see violation number 6 above). Based on the unique identifiers the subject made to the NJHL representative, the detective was able to positively identify this subject as Nicholas Martino. It was also apparent NJHL had further information that connected their online user to Nicholas Martino; however, they would not provide that information to the detective for HIPAA privacy reasons. After speaking with NJHL, the detective asked Nicholas Martino if he had been speaking with anyone from NJHL. Nicholas Martino quickly stated, "you can't prove it was me." Based on Nicholas Martino's inconclusive answers when questioned, two separate reporting parties indicating he was making suicidal comments and the detectives training and experience, it was determined Nicholas Martino needed to be transported to the hospital for a psychological evaluation to prevent a possible suicide attempt. At this time, Nicholas Martino was transported to Inspira Hospital Woodbury via ambulance. Nicholas Martino was continuously uncooperative; however, he did get into the ambulance under his own ability and at no time did officers utilize physical force. Another police officer rode inside the ambulance during the transport and the detective followed behind the ambulance to insure the transport was executed without incident. Once at Inspira Hospital Woodbury Nicholas Martino related to the detective that he no longer had jurisdictional authority to escort him inside the hospital. At Nicholas Martino's request, Gloucester County Communications dispatched a Woodbury Police Officer to the scene. Upon the Woodbury Police Officer's arrival, Nicholas Martino entered Inspira Hospital without further incident.

On July 17, 2018, the undersigned officer received a call from the contracted mental health provider that counsels Martino. He stated he received a call from the suicide hotline regarding a 19-year-old male, with a name he did not recognize, Mike Morato, who stated he was going to kill himself. The suicide hotline representative advised the provider the caller stated he was under the provider's care. The provider advised the probation office he believed this may have been Martino and wanted to alert the undersigned officer for the offender's safety.

On July 19, 2018, the undersigned officer received an email from an Investigator with the Menomonie Police Department in Wisconsin, which stated "I got a phone call from xxx with the New Jersey Hope Line....he told me that they had another chat conversation with Nick Martino, who claimed to be Mike Morato who broke up with his girlfriend Starr in WI and asked the lady he was chatting with to call her." The undersigned officer contacted the investigator who advised the above referenced call was made on July 17, 2018.

According to the computer monitoring software installed on the computer device authorized for Martino's use, the offender's last internet activity was on July 3, 2018. It is apparent that Martino used an unauthorized computer device to access the internet on July 17, 2018.

13      The offender has violated the special supervision condition which states '**The internet/computer use is to be used solely for college admission and school work. Access to the internet for entertainment purposes is prohibited.**'

As fully described in Violation Number 12 above, the documented contacts were not related to college admission or course work. Martino was cleared by the psychiatric screeners at Inspira Hospital on July 17, 2018 and again on July 18, 2018, assessed not to be a risk to himself or others. Martino denied making any suicidal statements.

14      The offender has violated the special supervision condition which states "**You will also be prohibited from use of any VPN's (virtual private networks) or VPS's (virtual private servers). You must access the internet via true IP address and not disguise it. Also, you are prohibited from spoofing phone numbers, emails, or impersonating others.**"

On July 17, 2017, at 1:43 p.m., a dispatcher with the Washington Township Police Department received a call from an unknown caller using the phone number, 8817 201 99988. The caller reported that 15- 20 minutes ago Nicholas Martino made suicidal threats thru social media that he was going to jump in front of a vehicle.

According to the details outlined in Violation Number 12, the caller is believed to be Nicholas Martino. The number Martino used to call the Washington Township Police Department is an overseas number.

Additionally, Martino identified himself as Mike Morato.

Lastly, According to law enforcement, the IP address that made the allegations to the suicide hot line regarding S.A. on June 20, 2018, outlined in Violation Number 7, came back to Texas and was believed to have been "spoofed."

I declare under penalty of perjury that the foregoing is true and correct.

*Christine M. Rennie*
By: Christine M Rennie
Senior U.S. Probation Officer
Date: 07/24/2018 s/40

Prob 12C – page 9
Nicholas Kyle Martino

THE COURT ORDERS:

☑ The Addition of Violations Number 12, 13 and 14, and update Violation Numbers 5 and 6.
☐ The Issuance of a Summons. Date of Hearing: _____.
☐ No Action
☐ Other

_____
Signature of Judicial Officer

7/27/2018
_____
Date