

| | | |
|---|---|---|
| CHAMBERS OF<br>**JEROME B. SIMANDLE**<br>U.S. DISTRICT JUDGE | **UNITED STATES DISTRICT COURT**<br>DISTRICT OF NEW JERSEY<br><br>**ORIGINAL FILED WITH CLERK**<br><br>August 14, 2018 | UNITED STATES COURTHOUSE<br>ONE JOHN F. GERRY PLAZA<br>P.O. BOX 2797<br>CAMDEN, NJ  08101<br>(856) 757-5167 |

Sara Aliya Aliabadi, AUSA
United States Attorney's Office
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101

John O. Poindexter, III, Esq.
137 High Street, 4TH Floor
Mount Holly, NJ 08060

        Re:    <u>United States v. Nicholas Martino</u>
               Cr. No. 17-240 (JBS)

Dear Counsel:

     The attached letter from Defendant Nicholas Martino was dated August 7, 2018, mailed on August 9, 2018 from FDC Philadelphia, and not received by me or known to me until the afternoon of August 13, 2018, after our hearing in Mr. Martino's matter that morning of August 13, 2018.  Mr. Martino, although present in court, did not mention this letter at the hearing.

     Because Mr. Martino is represented by counsel, I will not consider this letter which purports to rescind Mr. Martino's waiver of a preliminary hearing on the original Violation of Supervised Release charges.  I am instead sending a copy of Mr. Martino's letter to counsel of record and requesting Mr. Poindexter to discuss the matter with his client.  If Mr. Poindexter intends to raise this issue at the next scheduled hearing on September 4, 2018, he should give due notice to the Court and to the U.S. Attorney's Office and to Probation Officer Christine Rennie.

     Mr. Poindexter is also requested to advise his client to send no further letters to the Court or to the U.S. Attorney's Office, because Mr. Martino has elected to be represented by counsel who is solely empowered to represent him before this Court.

      This will also confirm that the initial appearance on the Amended Petition for Violation of Supervised Release has been continued at Defendant's request for purposes of continuity of counsel, and that no preliminary hearing on Violation Nos. 12, 13, and 14 has been scheduled.

      Very truly yours,

      *s/ Jerome B. Simandle*

      JEROME B. SIMANDLE
      U.S. District Judge

JBS/mm
Attachment

Dear Your Honor,                                                                August 7, 2018

    To be brief but concise, I would like to hold a preliminary hearing regarding the original and first amended petitions "for warrant or summons for offender under supervision" that Ms. Rennie filed under docket number 17-00240-001. To my understanding, the rule regarding the hearing is Rule 32.1(b)(1). I was given improper advice by Mr. O'Malley (who, as you are aware, has been dismissed as my defense counsel), to waive my right to a preliminary hearing under the aforementioned rule. Mr. O'Malley advised me, upon inquiry, that this hearing's purpose was to "read the charges against you [me]." Mr. O'Malley did not have my best interests at heart. Because I was misinformed, I was given improper advice as to what my rights were at this hearing. For example, until I searched for and read the entirety of Rule 32.1, I was not informed by Mr. O'Malley as to the correct purpose of this hearing, or that during such a hearing, I would have the chance to present evidence and witnesses on my behalf. Had I known the purpose of this hearing, I would have <u>never</u> waived my right to test the veracity of the (what I believe to be) factually incorrect and false charges weighed against me. Some of the deity-less prevaricators will be shown for what they are upon the subpoena and extensive examination of the "evidence" the government has against me. It is my belief that at this preliminary hearing, all the elements of affirmitive misrepresentation and misconduct by the government will come to light. As Your Honorable must recall, I posed a question along the lines of, "Your Honor, what is the...

difference between a preliminary hearing and a probable cause hearing?" Your Honor consulted a law book and advised me that the two terms are used interchangably. As I am not very proficient in federal law and the rules of procedure, I was not aware that these hearings are one in the same. I hear from many, many inmates and government officers that Your Honor is an extremely respectable, fair, and exceptional judge. Surely Your Honor must understand I am young and inexperienced in federal court procedure. Being a 19-year-old, I do not have the same college-level education and doctoral degrees that my former attorney and the Court enjoys. And again, I cannot stress enough that my former defense counsel did not properly advise me as to what a preliminary hearing entails. To date, I have not recieved new counsel, but I will consult with him or her about this matter when I am afforded the chance. Please consider allowing me to have this hearing, and consider this letter a rescindal of my waiver to this hearing. Please keep in mind I do not have counsel currently, so my best option is to write Your Honor directly. I propose we combine my scheduled hearing for probable cause in regards to the "second amended petition" and the hearing I am now requesting. Please consider allowing me to have this hearing.

With the absolute best of regards,

*Nicholas Kyle Martino*
Nicholas Kyle Martino

P.S. You may be free to disseminate copies of this letter to: Ms. Sara Aliabadi, Ms. Christine Rennie, and my new counsel.



Martino, Nicholas 70570050
Federal Detention Center - Philadelphia
P.O. Box 562
Philadelphia, PA 19105

PHILADELPHIA PA 190

RECEIVED
AUG 13 2018
JEROME B. SIMANDLE
U.S. DISTRICT JUDGE

JEROME B. SIMANDLE
401 MARKET ST.
Camden, NJ 08101

LEGAL CORRESPONDENCE