Mr. Kurzawa,  September 11, 2020

As you are aware, I am about to be released from custody shortly; I will be your supervisee for the term of my supervision. I write to air a few concerns prior to my release. If you can assist with some of these issues, that is great, but I write primarily to give you a situation report.

Firstly, the BOP has refused to provide me with re-entry time in either an RRC or on home confinement. I was referred for five months of RRC time but the BOP's North East Region Office ultimately rejected FCI Fairton's reccomendation because they believed my status as a cybercriminal poses some sort of security risk. While this is totally counterproductive and makes little sense, myself and the staff at FCI Fairton were unable to remedy this situation despite copious due diligence. Accordingly, I sought-out re-entry services within the prison, but due to the COVID-19 pandemic there have been no re-entry programs running since

1

COPY

Mr. Kurzawa,          September 11, 2020

As you are aware, I am about to be released from custody shortly; I will be your supervisee for the term of my supervision. I write to air a few concerns prior to my release. If you can assist with some of these issues, that is great, but I write primarily to give you a situation report.

Firstly, the BOP has refused to provide me with re-entry time in either an RRC or on home confinement. I was referred for five months of RRC time but the BOP's North East Region Office ultimately rejected FCI Fairton's reccomendation because they believed my status as a cybercriminal poses 'some sort of security risk. While this is totally counterproductive and makes little sense, myself and the staff at FCI Fairton were unable to remedy this situation despite copious due diligence. Accordingly, I sought-out re-entry services within the prison, but due to the COVID-19 pandemic there have been no re-entry programs running since

1

March 23 and Re-entry Services staff are absolutely unavailable. As a result, I have had zero opportunities to acquire a job, obtain identification, or reassimilate myself into the community. With ongoing state-wide restrictions, I assume these difficulties will continue upon my release. Because of this, I am contemplating participating in this District's re-entry program as long as it is still running.

Additionally, I am still on direct appeal of my sentence and supervision conditions. My sentence includes multiple supervision conditions that are unconstitutional as already decided in similar cases by the Third Circuit. My attorney did not file an adequate appeal and did not address clear issues that I directed him to address. I expect my appeal to be denied. Once that happens, I am going to file a collateral attack on my sentence. One of my conditions is for a "complete denial" of any Internet use. This is generally considered an unconstitutional condition in the Third Circuit. This condition, along with the pandemic, will make it virtually impossible

2

for me to conduct legal research and file briefs. Because I will be handling my collateral attack myself, we will have to remedy this situation - possibly through a modification of supervision conditions hearing. Ironically, some of the conditions that need to be modified to remedy this are ones I am challenging in my direct appeal and future § 2255. To note, the constitutionality of supervision conditions cannot be challenged in a modification hearing. I <u>do not</u> in <u>any way</u> intend this as a frivilous work-around to my strigent conditions. Alas, this will only allow me to challenge my conditions in a lawful manner and not circumvent them. Any other workable remedy would be welcome, but the only other feasible remedy I can think of is for me to have an offline computer with the network interface card and antennae removed. The computer would have a word processor and law materials pre-installed to allow me to produce a § 2255. Facially, using an offline computer in this manner would not conflict with my current conditions and is supported by precedent. I would be of the opinion that using an online

3

or even an offline computer for this specific purpose under direct supervision of yourself or another agent of the Government would be an undue burden on all parties and would compromise my legal privileges. I ask that you consult with the Court for its direction on this sensitive issue.

    I appreciate your time and assistance.

Kind regards,

*Nicholas Martins*

Nicholas Martins
9/11/2020

CC: Matt Kurzawa, USPO Cybercrime Specialist
     Noel L. Hillman, USDJ

Martino, Nicholas #70370-050
CI Fairton
PO Box 420
Fairton, NJ 08320

CLERK OF COURTS
US DISTRICT COURT
PO BOX 2797
Camden, NJ 08101

2 OCT 2020 PM 4 L

RECEIVED
OCT - 6 2020
AT 8:30_____M
WILLIAM T. WALSH
CLERK

08101-279797