# 1337

IN PROPRIA PERSONA

NICHOLAS MARTINO

EST. 2014

RECEIVED
MAY - 5 2021
AT 8:30_____M
WILLIAM T. WALSH
CLERK

US Attorney's Office
District of New Jersey
970 Broad Street Rm 701
Newark, NJ 07102
via US Mail

**In Re: Restitution account no. 2021A18214/001 (1:17-cr-240-NLH)**

**To whom it may concern,**                                              May 1st, 2021

    I, Nicholas Kyle Martino, am the Defendant in criminal case number 1:17-cr-240-NLH in the Camden Viciniage of the District of New Jersey. On about March 21st, 2021, I received a letter from this Office notifying me of an Administrative Offset Notice of a balance of Restitution that I owe in the above-entitled matter. The letter I received from this Office states that my Restitution is past-due. My Restitution debt is *not* past due. I was originally sentenced in the Western District of Texas, Pecos Division, criminal case number 4:17-cr-054. I was ordered to pay Restitution and the amount of Restitution and the timeline for payment was agreed upon by myself and the United States via a written agreement. See *US v. Martino*, 4:17-cr-054 (WDTX 2017) Dkt. Nos. 26 and 28 (attached as Attachment "A" and "B", respectively). Pursuant to my written agreement, I had the full "60 months

1

[term] of Probation" to pay my Restitution. That Probation was eventually revoked and I was resentenced on the WDTX case while living in this District. Per my superseding criminal Judgment in this District, that original Restitution agreement was reimposed. See *US v. Martino,* 1:17-cr-240-NLH (DNJ 2017) Dkt. No. 66 (Attached as Attachment "C"). I was originally released to Probation on April 12th, 2017, making my deadline for payment of this debt become April of 2022. I have been in compliance with my current Supervised Release conditions that require me to pay Restitution monthly. My Supervising Officer, Matthew C. Kurzawa, has confirmed this to me. I am not criminally liable for currently failing to pay the full amount of Restitution, and I am not currently civilly liable at this time either.

At this time, I object to this Office providing my information to any creditor or the Department of the Treasury in reference to this Debt. To do so without a showing that I have defaulted on this Debt would be a violation of law.

Additionally, while I have made continuous monthly payments towards this Debt for the past year, the majority of the Debt remains unpaid. I wish to work out a new Agreement with this Office that supersedes my original Agreement with the United States. I propose

2

Case 1:17-cr-00240-NLH   Document 85   Filed 05/05/21   Page 3 of 15 PageID: 376
Case 1:17-cr-00240-NLH   Document 66   Filed 11/27/19   Page 1 of 7 PageID: 158
AO 245 D (Rev. 03/01) - Judgment in a Criminal Case for Revocation

ATTACHMENT "C"

# UNITED STATES DISTRICT COURT
### District of New Jersey

UNITED STATES OF AMERICA

v.                                          CASE NUMBER   1:17-CR-00240-NLH-1

NICHOLAS KYLE MARTINO

Defendant.

### JUDGMENT IN A CRIMINAL CASE
### (For Revocation of Probation)
### (For Offenses Committed On or After November 1, 1987)

The defendant, NICHOLAS KYLE MARTINO, was represented by ROBERT C. WOLF, ESQ.

The defendant admitted Guilt to Violation Number 3 and 12 as stated on the Second Amended Violation Petition. Accordingly, the court has adjudicated that the defendant is guilty of the following violations:

| Violation Number | Nature of Violation |
|---|---|
| 3 | Failure to answer truthfully questions asked by Probation Officer |
| 12 | You may only access the internet through the computer equipment identified to probation office for which computer monitoring software has been installed |

As pronounced on November 26, 2019, probation is revoked pursuant to 18 U.S.C. § 3565(a)(2) and the defendant is resentenced as provided in pages 2 through 7 of this judgment on Counts 1, 2, 3, and 4 of the Information filed on 2/15/2017 in the Western District of Texas, Pecos Division. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances. Unless modified by this judgment, all fines, restitution, costs, and special assessments previously imposed in the judgment filed on 4/12/2017 remain in full force and effect, if not already paid.

Signed this 27th day of November, 2019.

Hon. Noel L. Hillman
U.S. District Judge

08080

that the United States agree to not offset this Debt for 36 months if I make monthly contributions towards this Debt and satisfy it on or before the expiration of the 36-month period. If the United States wishes to accept or reject said Agreement, please mail me at the address above and contact me via telephone. If the United States wishes to seek a different Agreement, I would be open to doing so. Please notify me within 60 days if the United States agrees to this proposal. If not, I am still not civilly liable for this Debt until April of 2022. Thank you.

**Sincerely,**

*Nicholas Martino,
in pro per*

CC:  *US Attorney's Office, DNJ*
*Clerk of Court, DNJ*

3

(856) 542-8214 | 106B HURFFVILLE-GRENLOCH RD SEWELL, NJ 08080

Case 1:17-cr-00240-NLH   Document 85   Filed 05/05/21   Page 5 of 15 PageID: 378
Case 1:17-cr-00240-NLH   Document 66   Filed 11/27/19   Page 3 of 7 PageID: 160

AO 245 D (Rev. 03/01) - Judgment in a Criminal Case for Revocation

Judgment - Page 3 of 7

Defendant: NICHOLAS KYLE MARTINO
Case Number: 1:17-CR-00240-NLH-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of 2 years.

Within 72 hours of release from custody of the Bureau of Prisons, you must report in person to the Probation Office in the district to which you are released.

While on supervised release, you must not commit another federal, state, or local crime, must refrain from any unlawful use of a controlled substance and must comply with the mandatory and standard conditions that have been adopted by this court as set forth below.

You must submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer. You must cooperate in the collection of DNA as directed by the probation officer

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it is a condition of supervised release that you pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release.

You must comply with the following special conditions:

## DENIAL OF INTERNET USE

You shall not own or operate a computer or personal electronic device with Internet access in your home or any other location. This is an initial prohibition which the Court may modify when (1) the defendant has been in complete compliance with all the conditions of supervision for at least one year; (2) the defendant has not demonstrated deception on any polygraph examinations; and (3) the defendant's court appointed mental health therapists all agree that the modification of the prohibition will aid in the defendant's rehabilitation.,

## COMPUTER MONITORING

If granted Internet access by the Court: (1) the defendant shall provide a complete record of passwords and user identifications, both past and present, to the U.S. Probation Office, and shall not make any changes without prior written approval of the Court.

You must submit to an initial inspection by the U.S. Probation Office and to any unannounced examinations during supervision, of your computer equipment. This includes, but is not limited to, personal computers, personal digital assistants, entertainment consoles, cellular telephones, and/or any electronic media device which is owned or accessed by you. You must allow the installation on your computer of any hardware or software systems which monitor computer use. You must pay the cost of the computer monitoring program. You must abide by the standard conditions of computer monitoring. Any dispute as to the applicability of this condition will be decided by the Court.

You will also be prohibited from use of any VPN's (virtual private networks) or VPS's (virtual private servers). He must access the internet via true IP address and not disguise it. You are also prohibited from spoofing phone numbers, emails or impersonating others.

ATTACHMENT "A"

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff | § | Cause No. P-17-CR-054 |
| | § | |
| v. | § | |
| | § | |
| | § | RECEIVED |
| | § | |
| NICHOLAS KYLE MARTINO, | § | MAY - 5 2021 |
| | § | |
| | § | AT 8:30_____M |
| Defendant. | § | WILLIAM T. WALSH |
| | | CLERK |

## JOINT AGREEMENT AS TO RESTITUTION

The United States and the Defendant, in consultation with his Counsel, have come to a joint agreement as to the entities entitled to restitution and the appropriate amounts of restitution in this case.

The United States and the Defendant agree that the specific entities entitled to restitution and the respective amounts of restitution to which they are entitled are as follows:

| | |
|---|---|
| Sul Ross State University | $3,712.62 |
| Big Bend Regional Medical Center | $ 485.00 |
| Brewster County Sheriff's Office | $ 148.88 |
| Pecos County Sheriff's Office | $1,365.45 |
| Reeves County Sheriff's Office | $ 204.00 |

The total amount of restitution is $5,915.95

The United States and the Defendant agree that the Defendant should make scheduled

payments within his 60 months of probation to fulfill this obligation. The schedule of payments shall be determined by the United States Probation Office overseeing Defendant's probation.

Furthermore, based on this agreement the parties believe that the scheduled hearing on this matter would be moot.

Therefore, the parties request of this Court to issue an Order/Findings and Recommendation that the amounts of restitution, stated above, be rendered and to cancel the scheduled hearing in this matter.

Respectfully submitted,

*James Miller* w/permission
/AR
James J. Miller Jr.
Assistant United States Attorney

K. Adam Rothey
Counsel for Defendant Martino

ATTACHMENT "B"

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | P-17-CR-54 |
| | § | |
| NICHOLAS KYLE MARTINO, | § | |
| Defendant. | § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION

On this date the Court considered the United States Magistrate Judge's Report and Recommendation (R&R), filed May 22, 2017, in the above-numbered and styled case. (Doc. 26). The Court adopts the Magistrate Judge's recommendation that the Joint Agreement as to Restitution be APPROVED.

On April 12, 2017, Defendant was sentenced to five years' probation after pleading guilty to four counts of interstate threats to injure a person in violation of 18 U.S.C. § 875(c). (Doc. 19). Due to a dispute between the parties concerning the restitution amount, this Court postponed ruling on restitution pending a hearing by the Magistrate Judge. On May 12, 2017, prior to the scheduled hearing, the parties entered into a joint agreement as to the total amount of restitution owed. (Doc. 25). On May 22, 2017, the Magistrate Judge issued his R&R, recommending that the parties' restitution agreement be approved. (Doc. 26).

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his written objections within fourteen (14) days after being served with a copy of the findings and recommendations. 28 U.S.C. §636(b)(1). Because no party has timely objected to the Magistrate Judge's R&R, the Court need not conduct a *de novo* review. *See* 28 U.S.C. §636(b)(1) ("A judge of the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

1

Neither party filed any objections in this case; therefore, *de novo* review is not triggered. As *de novo* review has not been triggered, this Court will conduct a review under the clearly erroneous or contrary to law standards.

The Court has reviewed the R&R and finds it to be neither clearly erroneous nor contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). Accordingly, the Court ADOPTS the Magistrate Judge's R&R (Doc. 26) and the Joint Agreement as to Restitution is APPROVED. (Doc. 25).

**It is so ordered.**

SIGNED this 9th day of June, 2017.

ROBERT JUNELL
SENIOR U. S. DISTRICT JUDGE

2

AO 245 D (Rev. 03/01) - Judgment in a Criminal Case for Revocation

Defendant: NICHOLAS KYLE MARTINO  
Case Number: 1:17-CR-00240-NLH-1

Judgment - Page 2 of 7

## IMPRISONMENT

The Court finds upon the evidence presented that you, Nicholas Kyle Martino, are in violation of the conditions of probation imposed by United States District Court in the Western District of Texas on April 12, 2017 and as amended July 10, 2017 to address restitution. It is ordered and adjudged that the previously imposed term of probation is revoked and the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 36 months on each of Counts 1, 2, 3, and 4 of the original Information filed in the Western District of Texas, Pecos Division, Case Number: 4:17-CR-00054-01(RAJ) [Docket No. 1] to be served concurrently.

The defendant will remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ To _____  
At _____, with a certified copy of this Judgment.

_____  
United States Marshal

By _____  
Deputy Marshal

Case 1:17-cr-00240-NLH Document 85 Filed 05/05/21 Page 11 of 15 PageID: 384
Case 1:17-cr-00240-NLH Document 66 Filed 11/27/19 Page 4 of 7 PageID: 161
AO 245 D (Rev. 03/01) - Judgment in a Criminal Case for Revocation

Judgment - Page 4 of 7

Defendant: NICHOLAS KYLE MARTINO
Case Number: 1:17-CR-00240-NLH-1

SEARCH

You shall submit his or her person, property, house, residence, vehicle, papers, (computers as defined in 18 U.S.C. Section 1030(e)(1), other electronic communications or data storage devices or media) or office to a search conducted by United States Probation Officer who may be assisted by other law enforcement agencies. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn other occupants that the premises may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

MENTAL HEALTH TREATMENT

You must undergo treatment in a mental health program approved by the U.S. Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, as approved by the U.S. Probation Office, until discharged by the Court. The U.S. Probation Office will supervise your compliance with this condition.

FINANCIAL DISCLOSURE

Upon request, you must provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You must cooperate with the U.S. Probation Officer in the investigation of your financial dealings and must provide truthful monthly statements of your income. You must cooperate in the signing of any authorization to release information forms permitting the U.S. Probation Office access to your financial records.

NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You must not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

POLYGRAPH EXAMINATION

You must submit to an initial polygraph examination and subsequent maintenance testing, at intervals to be determined by the U.S. Probation Office, to assist in treatment, planning, and case monitoring. You will be required to contribute to the costs of services rendered in an amount to be determined by the U.S. Probation Office, based on ability to pay or availability of third-party payment.

Case 1:17-cr-00240-NLH Document 85 Filed 05/05/21 Page 12 of 15 PageID: 385
Case 1:17-cr-00240-NLH Document 66 Filed 11/27/19 Page 5 of 7 PageID: 162

AO 245 D (Rev. 03/01) - Judgment in a Criminal Case for Revocation

Judgment - Page 5 of 7

Defendant: NICHOLAS KYLE MARTINO
Case Number: 1:17-CR-00240-NLH-1

### NO CONTACT WITH VICTIM

You are to have no contact with S. A., or any of her family, friends, or anyone else you know to be associated with her, through the internet or any other means, including contacting her school.

### RESTITUTION

It is also ordered that the Court imposed restitution of $5,915.95, as ordered on 05/22/17 and 7/10/17, shall remain in full effect and is re-imposed. Additionally, the defendant is to be given credit for any restitution previously paid, if any. Payments should be made payable to Clerk, U.S. District Court, and be mailed to Clerk, U.S. District Court, 402 East State Street, Room 2020, Trenton, New Jersey 08608, for proportional distribution to the victims as set forth below.

The Court directs the United States Probation Office to provide personal identifier information of victims by submitting a "reference list" under seal pursuant to E-Government Act of 2002 to the District Clerk within ten (10) days after the criminal Judgment has been entered.

| Name of Payee | Amount of Restitution |
|---|---|
| Sul Ross State University<br>Finance and Operations<br>Attn: Cesario Valenzuela<br>Box C-118<br>Alpine, TX 79832<br>(432) 837-8076 | $3,712.62 |
| Big Bend Regional Medical Center<br>2600 North Highway 118<br>Alpine, TX 79830<br>(432) 837-3447 | $485.00 |
| Brewster County Sheriff's Office<br>201 West Avenue E<br>Alpine, TX 79830<br>(432) 837-3488 | $148.88 |
| Pecos County Sheriff's Office<br>Payable to Pecos County)<br>P.O. Box 1647<br>Fort Stockton, TX 79735<br>(432) 336-3521 | $1,365.45 |
| Reeves County Sheriff's Office<br>P.O. Box 910<br>Pecos, TX 79772<br>(432) 445-4901 | $204.00 |

The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $25, to commence 30 days after release from confinement.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

Case 1:17-cr-00240-NLH Document 85 Filed 05/05/21 Page 13 of 15 PageID: 386
Case 1:17-cr-00240-NLH Document 66 Filed 11/27/19 Page 6 of 7 PageID: 163
AO 245 D (Rev. 03/01) - Judgment in a Criminal Case for RevocationAO 245 D (Rev. 03/01) - Judgment in a Criminal Case for Revocation

Judgment - Page 6 of 7

Defendant: NICHOLAS KYLE MARTINO
Case Number: 1:17-CR-00240-NLH-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have fulltime employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

Case 1:17-cr-00240-NLH   Document 85   Filed 05/05/21   Page 14 of 15 PageID: 387
Case 1:17-cr-00240-NLH   Document 66   Filed 11/27/19   Page 7 of 7 PageID: 164
AO 245 D (Rev. 03/01) - Judgment in a Criminal Case for RevocationAO 245 D (Rev. 03/01) - Judgment In a Criminal Case for Revocation

Defendant: NICHOLAS KYLE MARTINO
Case Number: 1:17-CR-00240-NLH-1

Judgment - Page 7 of 7

## STANDARD CONDITIONS OF SUPERVISION

13) You must follow the instructions of the probation officer related to the conditions of supervision.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed)_____
                        Defendant                                                    Date


_____
            U.S. Probation Officer/Designated Witness                  Date

N. Martino
106 B Huffville
Sewell NJ

CLERK OF COURT
PO BOX 2797
Camden, NJ 08101

RECEIVED
MAY - 5 2021
WILLIAM T. WALSH
CLERK

X-RAYED