```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| UNITED STATES OF AMERICA | 17-cr-240 (NLH) |
| v. | MEMORANDUM OPINION |
| NICHOLAS KYLE MARTINO, | |
| Defendant. | |

APPEARANCES:

Andrew Johns
Office of the U.S. Attorney
401 Market Street
4th Floor
P.O. Box 2098
Camden, NJ 08101

   *Counsel for the Government*

Nicholas Kyle Martino
1201 Turnersville Road
Pine Hill, NJ 08021

   Defendant *pro se*

**HILLMAN, District Judge**

   Now before the Court is Defendant's motion pursuant to Local Criminal Rule 32.1 for the release of certain documents and other items he appears to believe may exist in the records of this Court's Probation Department (ECF No. 122). For the

reasons set forth below, that motion and a related motion[1] will be denied.

On February 15, 2017, Defendant Nicholas Kyle Martino pleaded guilty in the United States District Court of the Western District of Texas to four counts of Interstate Threats to Injure a Person in violation of 18 U.S.C. § 875(c), after threatening a hospital, a university, and a U.S. Congressman by means of bombs threats and other threats of violence through the internet and by telephone. (ECF No. 2-2.)  On April 12, 2017 Defendant was sentenced in that court to five years of probation on each of the four counts, to run concurrently. (ECF No. 2-2.)

Defendant's time on probation did not proceed uneventfully. On October 23, 2017, Defendant appeared before the Hon. Karen M. Williams, then United States Magistrate Judge, on a six-count petition from U.S. Probation in this District alleging he had made terroristic threats, used a telephone with internet access without permission, and stalked and harassed an out-of-state girlfriend, among other allegations. (ECF No. 5.)  The petition was later amended twice to add new charges of possession of a

---

[1] Defendant also moves for an Order to Show Cause as to why his motion should not be granted because of the Government's untimely response. (ECF No. 122.)  The parties in this matter and all matters before the Court are reminded of their obligation to abide by all procedural rules and Orders.  That having been said, given the strong presumption favoring adjudications on the  merits rather than by procedural default, Defendant's motion will be denied.

2

weapon, filing false reports with the police, and additional stalking allegations, among other serious allegations. (ECF Nos. 14 and 22.)

After a competency evaluation concluded that the Defendant was competent to proceed, the Court accepted guilty pleas to Counts 3 and 12 of the Second Amended Petition on April 12, 2019.  (ECF No. 38.)  At a subsequent sentencing hearing on November 26, 2019, this Court revoked the terms of Probation imposed in the Western District of Texas and sentenced Defendant to four concurrent 36-month terms of incarceration, as well as a 2-year term of supervised release, including special conditions restricting Defendant's use and possession of computers and other internet-enabled devices, given the Defendant's continued use of such devices for criminal purposes. (ECF No. 65.)

Once again, Defendant did not fare well on supervision.  On August 22, 2022, federal agents executed, pursuant to a valid warrant, a search of Defendant's home, his girlfriend's residence, his vehicle, and his person, seizing from him several laptops, a smartphone, and encrypted electronic storage devices, devices he was prohibited from possessing under the terms of his supervised release. (ECF No. 86.)  The full basis for the issuance of the warrant is not known to this Court but from a related docket, appear to pertain to a criminal investigation in another District.  See Nicholas Kyle Martino v. United States,

23-mc-00011 (ECF No. 18).

On August 30, 2022, this Court endorsed a two-count petition for a warrant for an individual under supervision ("Petition"), which alleged Defendant had violated the special conditions of the supervised release term imposed by the Court on November 26, 2019, including its ban on internet-connected devices. (ECF No. 86.)  On March 21, 2023, Defendant entered a plea of guilty to both counts of the Petition and on April 17, 2023, this Court revoked Defendant's term of supervised release and sentenced him to a term of incarceration of 12 months and a day on the Petition with no further supervision. (ECF Nos. 119, 120.)

Defendant now moves under Local Criminal Rule 32.1 for the release of certain documents and other items he appears to believe may exist in the records of this Court's Probation Department. (ECF 122.)  More specifically, Defendant seeks:

1. Any chronological notes or entries, or records, created or maintained regarding information, tips, or sexually explicit photographs involving [Defendant] that were transmitted to [a U.S. Probation Officer] in October 2020 through August 2021 by [an alleged FBI Confidential Source]; and

2. Any chronological notes or entries, or records, created or maintained regarding contact between [an alleged FBI Confidential Source] and [a U.S. Probation Officer] and [two FBI Special Agents] relating to [Defendant]; and

3. Copies of a July or August 2021 letter and CD-ROM which were sent to [the undersigned and two U.S. Probation

4

>   officers] which documented the attempted July 2021
>   extortion of [Defendant] by [the alleged FBI Confidential
>   Source].

(ECF No. 122.)

Defendant proffers that he is pursuing this information, if it exists at all, in order to assist him in seeking to unseal the probable cause affidavits supporting the search warrants executed on August 22, 2022 and because he is "discovering egregious government misconduct and violations of federal law . . . and violations of law by the [alleged FBI Confidential Source]" and further that he seeks this information to "lay the groundwork and assist him in prosecuting <u>Bivens</u> or civil claims." (ECF No. 122.)  The Government, noting that any records Defendant seeks belong to the Court and not the Executive Branch, takes no position on Defendant's motion.  (ECF No. 127.)

Local Criminal Rule 32.1 Rule provides in pertinent part:

>   No confidential records of this Court maintained by
>   the probation office, including presentence and
>   probation supervision records, shall be sought by any
>   applicant except by written petition to this Court
>   establishing with particularity the need for specific
>   information in the records.

L.Crim.R. 32.1(b).

By its plain language, Local Criminal Rule 32.1 creates a presumption of confidentially in the records of the District Court's Probation Office, placing a high burden on anyone seeking access to such records to demonstrate "with

5

particularity the need for specific information in the records." The need for confidentiality for records maintained by the Probation Office should be obvious.  Probation Officers provide candid advice to judicial officers regarding sentencing matters.  As relevant to this matter, in their supervisory role over those placed on supervised release and probation, they act as law enforcement officers ensuring on behalf of the Courts and the public that those who remain under their supervision abide by the law generally, and more specifically, with the conditions of their release.

    In undertaking that important task, Probation Officers interact with family members, members of the community, medical providers, drug abuse and mental health providers, other law enforcement officers, other Probation Officers at the state and local level, and other courts.  The information they receive must be analyzed, corroborated, and carefully disseminated where appropriate, while being mindful to act with discretion when dealing with information of a sensitive and personal nature.  To open their files without a compelling need could discourage candor and cooperation with important stakeholders and undermine their public safety function.

    Here, Defendant's vague allegations of unspecified misconduct by an FBI source and FBI agents fall far short of the "particularized need for specific information" standard set

6

forth in Local Criminal Rule 32.1(b).  Even if Defendant had offered some factual basis for his bald conclusion that records held by Probation shed some light on the basis for the search warrants – which he did not - that issue is now moot in light of Magistrate Judge Sharon A. King's comprehensive and thoughtful opinion denying Defendant's motion to unseal.  See Nicholas Kyle Martino v. United States, 23-mc-00011 (ECF No. 18).

Similarly vague and conclusory are his assertions that records possessed by Probation may assist in litigation he claims to contemplate under "Bivens or civil claims."  What "civil claims" Defendant intends to assert, beyond being speculative, are unspecified.  What is clear, is that any claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), is highly doubtful; the Supreme Court has held that expanding Bivens claims beyond the narrow circumstances of Bivens itself and two of its progenies is disfavored judicial activism. See Ziglar v. Abbasi, 137 S. Ct. 1843 (2017).  Defendant's claims of misconduct, to the extent the Court can discern them what they are, do not appear to be a claim of being handcuffed to a chair in one's home without a warrant (Bivens), gender discrimination in federal employment (Davis v. Passman, 442 U.S. 228 (1979)), or medical indifference by a prison official leading to death (Carlson v. Green, 446 U.S. 14 (1980)).  His vague claims of investigative misconduct

7

appear to invite a new Bivens context and are therefore unactionable under that case.

What remains is Defendant's attempt to reclaim a "CD-ROM" he purports to have sent to the Court and the Probation Office. Any materials sent by Defendant to Probation or statements made by him to Probation constitute a record of his interaction with the Office overseeing his supervision.  He has no right to interfere with that record or seek the return of such materials. Nor does he assert that the materials he sent are the only copies of such stored media, nor would such an assertion be credible in light of Defendant's well documented familiarity with, and expertise in, computers.

Defendant's motion must also be viewed in context with the other litigation he has brought in this Court.  As Judge King noted in her Opinion, Defendant appears to be the possible subject of a criminal investigation. Nicholas Kyle Martino v. United States, 23-mc-00011 (ECF No. 18).  His attempts to seek information from the Court's Probation Office regarding an FBI Confidential Source and to cast vague aspiration without facts of misconduct by federal agents, appear on their face to be a transparent attempt to learn information about the agents investigating him and their sources.

Importantly, a denial of access to Probation Office records causes Defendant no harm, nor does it impede any legitimate

8

claims he may possess. Although he claims, without explanation, that Freedom of Information Act remedies are unavailable to him, his assertions of some form of misconduct are directed not at Probation but individuals associated with the FBI, a component of the Executive Branch. Any process he may be due or remedies he may pursue for alleged misconduct should be sought from that branch of government; not the Courts, which must remain independent. Defendant's unwarranted and unsupported fishing expedition for "[a]ny chronological notes or entries, or records, created or maintained" by Probation during Defendant's unsuccessful term of supervision, fails to meet the justifiably high standard of Local Criminal Rule 32.1(b) and will be denied.

For the reasons set forth above, Defendant's Motion for Access to Records of the Probation Office (ECF No. 122) and his Motion for an Order to Show Cause why his earlier motion should not be granted (ECF No. 126) will both be denied.

A corresponding Order will be entered.


Dated: February 21, 2024　　　　　/s/  Noel L. Hillman
At Camden, New Jersey　　　　　　NOEL L. HILLMAN, U.S.D.J.